IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>**WILFREDO RODRIGUEZ GONZALEZ**<br>**MARTA VAZQUEZ VIDOT**<br><br>DEBTORS | CASE NO **10-07134 BKT**<br><br>CHAPTER 13 |

**MOTION OBJECTING PLAN**

TO THE HONORABLE COURT:

NOW COMES creditor **BANCO BILBAO VIZCAYA ARGENTARIA (BBVA)**, represented by its undersigned attorneys and respectfully states and prays:

1. On **August 6th, 2010**, debtors filed the instant petition for relief.

2. Once again, debtors filed a plan dated September 30th, 2010, by means of which they propose to pay to the Trustee the sum of $375.00 for the first one (1) month and $425.00 for fifty-nine (59) consecutive months for a total base of $24,450.00. From said proceeds the Trustee shall disburse $3,000.00 for attorney's fees. The plan further states that they consent to the lifting of the automatic stay in favor of BBVA.

3. BBVA is holder in due course of a duly recorded money purchase security agreement with security interest (contract number 9616323445) at the Motor Vehicles and Trailers Registry of the Department of Transportation and Public Works of the Commonwealth of Puerto Rico, which encumbers a 2009, Suzuki Grand Vitara automobile, engine number JS3TD042894100805 registered in the name of WILFREDO RODRIGUEZ GONZALEZ.(See Exhibit "A")

4. BBVA respectfully requests from this Honorable Court to enter an Order denying confirmation of the proposed plan based on the following grounds:

a. Section 1325(a)(5) of the Bankruptcy Code, [11 USC 1325(a)(5) states as follows:

> "(5)with respect to each allowed secured claim provided for by the plan-
> (A) the holder of such claim has accepted the plan;
> (B) (i) the plan provides that the holder of such claim retain the lien securing such claim; and
> (ii) the value, as of the effective dated of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
> (C) the debtor surrenders the property securing such claim to such holder;

b. Pursuant to BBVA's record debtor holds possession of the vehicle above described. As per the statement of Financial Affairs, there has been no transfer of the vehicle. It is important to note that, by not surrendering the vehicle, debtors intend to continue using the same until BBVA is able to foreclose its security interest in a judicial action.

c. It is BBVA's contention that debtors have filed in bad faith the instant plan because she should had provided for the immediate surrender of the vehicle instead.

**WHEREFORE**, it is respectfully requested from this Honorable Court to grant this Motion and to enter an Order denying confirmation of the proposed plan.

**I HEREBY CERTIFY:** On this same date I electronically filed the foregoing document with the clerk of the Court using the CM/ECF System which will sent notification of such filing to the following: Attorney for Debtor(s), **JUAN O CALDERON LITHGOW, ESQ** and to Chapter 13 Trustee, **JOSE RAMON CARRION MORALES** and by ordinary mail to debtor(s) and to all creditors and parties in interest appearing in the attached Master Address List.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this / day of October , 2010.

s/ Angel M. Vázquez Bauzá
**ANGEL M VÁZQUEZ BAUZÁ, ESQ.**
Bar Number: 203308
ENR & Associates
PO Box 191017
San Juan, PR 00919-1017
Tel. (787) 754-1313 Fax. 754-1354
e-mail: avazquez@enrassociates.com

oco

# BBVA

1738 Calle Amarillo
Río Piedras, PR 00926

**CONTRATO DE VENTA AL POR MENOR A PLAZO**
**(ACUERDO DE GRAVAMEN MOBILIARIO)**

hace la divulgación requerida por Ley Federal y el(los) Compra(n) y grava(n) la siguiente mercancía denominada "Vehículo" o "Propiedad"

EL VENDEDOR: NIMAY AUTO CORPORATION
CARR # 2 KM 42.2 BARRIOS ALGAR VEGA BAJA PR 00964

COMPRADOR(ES): WILFREDO RODRIGUEZ GONZALEZ
CALLE 13 BUZON 70 BO. TIBURON BARCELONETA PR 00617

3664149

conforme a todos los términos y condiciones mencionados a continuación y al dorso de este Contrato. Para garantizar y asegurar el pago y cumplimiento total y a tiempo de todas las obligaciones contraídas por el COMPRADOR bajo este contrato y cualquier otro acuerdo futuro entre el COMPRADOR y el VENDEDOR, el COMPRADOR (incluye todos los compradores solidaria y mancomunadamente de ser más de uno) por valor recibido por este medio: (i) constituye a favor del VENDEDOR un gravamen mobiliario sobre el Vehículo descrito a continuación, el cual ha sido entregado al COMPRADOR a su entera satisfacción, (el "Vehículo") y sobre toda mejora, accesorios, accesiones, bienes o equipo incorporados o adheridos al Vehículo ("Mejoras"); y sobre cualquier otro bien o producto recibido por concepto de cualquier venta, cambio o disposición del Vehículo (incluyendo los cualquier pago bajo pólizas de seguro) ("Productos"); y sobre toda póliza de seguro y contrato de servicio que por los cuales se incluya un cargo en este contrato ("Póliza de Seguro" y "Contrato de Servicio", según apliquen); y (ii) cede y traspasa a favor del VENDEDOR, hasta el monto del total insoluto bajo este contrato, toda cantidad que sea reembolsada por concepto de primas impagadas a Pólizas de Seguros ("Reembolso de Primas de Seguro") así como por concepto de honorarios y pagos respecto a Contratos de Servicio ("Reembolso de Honorarios y Pagos") y, a ese efecto además constituye sobre toda dicha cantidad un gravamen a favor del VENDEDOR. EL VENDEDOR retiene los gravámenes aquí constituidos así como todo derecho e interés que aquí le es cedido y traspasado sobre todo y cualquier Reembolso de Primas de Seguro y sobre Reembolso de Honorarios y Pagos, hasta que EL COMPRADOR haya pagado y satisfecho todas sus obligaciones bajo este contrato. El Vehículo gravado es el siguiente:

| Año | Nuevo o Usado | Marca y Modelo | Nº Cilindros | Núm. de Identificación del Vehículo | Uso Principal |
|---|---|---|---|---|---|
| 2009 | NUEVO | SUZUKI GRAND VITARA | 4 | JS3TD0042894100805 | Personal ☐ Negocio XX |

☐ Transmisión Manual Opcional ☐ Ventanas Eléctricas ☐ Guía Eléctrico Hidráulico (Power Steering) ☐ Stereo ☐ 2 Puertas
☐ Radio ☐ Aire Acondicionado ☐ Otro – Describa ☐ 4 Puertas
☐ Frenos de Fuerza (Power Brakes) ☐ Transmisión Automática ☐ Asientos Control Eléctrico

## TERMINOS DEL CONTRATO

EL VENDEDOR tiene intención de ceder este contrato al BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO ("BBVA"). Si este contrato es cedido al BBVA puede que sea considerado como un acreedor bajo este contrato para propósitos del "Truth-In-Lending Act". En caso de que este contrato sea cedido el término "VENDEDOR" en lo sucesivo incluirá al Cesionario "BBVA" y cualquier cesionario de éste y así cedido, el Cesionario tendrá todos los derechos, poderes y prerrogativas del VENDEDOR bajo el mismo. Este contrato comprende el contrato entero entre las partes.

1. PAGOS: EL COMPRADOR se compromete a pagar al VENDEDOR o cesionario ( el "Vendedor") todos los pagos establecidos en este contrato. Además:

A. Por cada plazo que esté en morosidad por un período mayor de quince (15) días, el COMPRADOR pagará cinco porciento (5%) del plazo que está vencido. Disponiéndose que toda cantidad de plazos impagada a la fecha de vencimiento continuará acumulando intereses hasta su pago total. EL COMPRADOR pagará al VENDEDOR inmediatamente toda cantidad de intereses así acumulada.
B. En caso de que el Contrato sea referido a abogado para acción de reposesión de bienes muebles o para su cobro por vía judicial, el COMPRADOR pagará cincuenta dólares ($50.00) o el cinco porciento (5%) del balance de la deuda, lo que sea mayor, en concepto de honorarios de abogado. Si mediare una estipulación, el COMPRADOR pagará por dichos honorarios cincuenta dólares ($50.00) o el cinco porciento (5%) de las mensualidades vencidas y cobradas, lo que sea mayor.
C. Por cada cheque recibido en pago de cualquier cantidad y que sea devuelto el Comprador pagará un cargo de $10.00.
D. EL COMPRADOR pagará los derechos de constitución, cesión y cancelación del gravamen mobiliario objeto de este Contrato y derechos requeridos por las agencias gubernamentales correspondientes.
E. Las Costas y gastos incurridos de instarse una acción judicial en relación con este contrato, incluyendo, pero no limitado a, sellos de rentas internas, fianza judicial, costos de investigación y diligenciamiento, grúa, seguro, almacenamiento, posesión y conservación del Vehículo.
F. EL COMPRADOR podrá hacer abonos a principal y saldos por adelantado. No se cobrarán intereses sobre la porción del principal pagado por adelantado.
G. Todos los pagos requeridos por este contrato se harán o remitirán a la oficina principal del Departamento de Financiamiento de Automóviles de BBVA, localizada en la Calle Amarillo Núm. 1738, Río Piedras, Puerto Rico, 00926, o en cualquiera de sus sucursales localizadas en Puerto Rico.
2. EL COMPRADOR certifica que es mayor de edad y goza de la capacidad legal necesaria para otorgar de este contrato.
3. USO DE LA PROPIEDAD: EL COMPRADOR mantendrá el Vehículo libre de toda clase de reclamaciones y gravámenes y no cederá ni transferirá su interés en este Contrato, ni en el Vehículo, ni sus derechos asociados a Pólizas de Seguros o Contratos de Servicio para los cuales se incluya algún cargo en este contrato, incluyendo su derecho a Reembolsos de Primas o Reembolsos de Honorarios y Pagos, ni traspasará la posesión del Vehículo, excepto con el consentimiento escrito del VENDEDOR o Cesionario. La venta, traspaso o cesión del interés del VENDEDOR en el Vehículo o el presente Contrato no liberará al VENDEDOR de sus obligaciones bajo el mismo. La venta, traspaso o cesión del interés del COMPRADOR en el Vehículo o el presente Contrato no liberará al COMPRADOR de sus obligaciones bajo el mismo, excepto si el COMPRADOR obtiene del VENDEDOR su consentimiento escrito a la sustitución del deudor. La transferencia del Vehículo o de la propiedad aquí gravada sin el previo consentimiento escrito del VENDEDOR no transferirá derecho alguno a favor del tercero. El COMPRADOR se obliga a conservar el Vehículo en perfectas condiciones, con excepción del desgaste normal por uso y a cumplir con todas las leyes, reglamentos u órdenes de cuerpos gubernamentales aplicables. EL COMPRADOR pagará puntualmente todas las contribuciones, derechos de licencia, y cualquier otra obligación o penalidad impuesta por cualquier entidad gubernamental en relación con el Vehículo. EL COMPRADOR no usará el Vehículo ilegal ni impropiamente, no lo alquilará ( a menos que así se consigne en este contrato) ni lo removerá de la jurisdicción del Estado Libre Asociado de Puerto Rico. EL VENDEDOR podrá a su opción, pagar cualquier cantidad a los fines de obtener la liberación del Vehículo de cualquier obligación y cualquier cantidad que fuere pagada a esos efectos por el VENDEDOR será reembolsada al VENDEDOR por el COMPRADOR inmediatamente que fuese requerido para ello con intereses al tipo contractual legal más alto. No hay garantía implícita de comercialidad ("implied warranty of merchantability") ni garantía implícita de que el Vehículo sea propio para un propósito particular ("implied warranty of fitness for a particular purpose"), ni ninguna garantía expresa u implícita que se extienda más allá de la descripción del Vehículo en la faz de este contrato, excepto las requeridas por el Código Civil de Puerto Rico y el Reglamento sobre Garantías en la venta de vehículos de motor, promulgado por el Departamento de Asuntos del Consumidor del Estado Libre Asociado de Puerto Rico.
4. INCUMPLIMIENTO: El tiempo es un factor esencial en este contrato. EL VENDEDOR podrá acelerar el vencimiento de todo o parte del balance adeudado bajo este contrato y exigir el pago total de esa suma que será, al igual que todas las obligaciones del COMPRADOR bajo este contrato, líquida y exigible desde ese momento sin notificación al COMPRADOR ni a ninguna persona, sin protesto, presentación, demanda ni aviso, a todos los cuales se renuncia, en cualquiera de las siguientes circunstancias: (1) Cuando el COMPRADOR falte en el pago de tres plazos consecutivos; (2) cuando el COMPRADOR falte en el pago de uno o más plazos vencidos, si en dos o más ocasiones anteriores había dejado de pagar dos o más plazos consecutivos y en dichas ocasiones se había rehabilitado totalmente en el pago de los plazos vencidos; (3) cuando el COMPRADOR habiendo dejado de pagar uno o más plazos consecutivos, presente un pago parcial de la suma vencida y después de efectuar ese pago parcial continúe pagando los plazos futuros a su vencimiento, pero siga en mora con respecto al remanente de la suma vencida durante tres plazos consecutivos posteriores a la fecha en que efectuó el

**VEASE AL DORSO PARA EL RESTO DEL CONTRATO**

### DETALLES DEL BALANCE DE PRINCIPAL Y CANTIDAD FINANCIADA

| | | |
|---|---|---|
| 1 | PRECIO DE VENTA AL CONTADO | $ 21995.00 |
| | Precio de Venta Accesorios | |
| | Otros | $ N/A |
| 2 | **PRONTO PAGO** Pronto Pago en efectivo $ 1000.00 (a) | |
| | Vehículo tomado a cuenta (Trade-In) | |
| | Descripción Marca-Año-Modelo | N/A |
| | Valor bruto acordado del vehículo $ N/A | |
| | Menos la cantidad adeudada de $ N/A | |
| | Valor Neto acordado del Vehículo tomado en cuenta $ N/A (b) | |
| | Bono (Rebate) $ N/A (c) | |
| | PRONTO PAGO TOTAL ( suma partidas a, b y c) | $ 1000.00 |
| 3 | BALANCE ADEUDADO DEL PRECIO DE CONTADO | $ 20995.00 |
| 4 | **CANTIDADES PAGADAS A OTROS POR CUENTA SUYA** Licencia Seguro Obligatorio y ACAA $ N/A (d) | |
| | Título / Traspaso $ 10.00 (e) | |
| | Declaración de Financiamiento, Cesión o Traspaso de Gravamen mobiliario Terminación ( Ley del 17 de agosto de 1995 ) $ 10.00 (f) | |
| | Inscripción / Sellos $ 110.00 (g) | |
| | CARGOS POR DERECHOS ( suma partidas d, e, f y g) Total | $ 130.00 |
| 5 | SEGUROS / CONTRATOS DE SERVICIOS ( Véase divulgaciones adicional anejada) | $ 3055.00 |
| 6 | BALANCE PRINCIPAL Y CANTIDAD FINANCIADA ( suma de partidas 3, 4 y 5) | $ 24180.00 |

### DIVULGACION REQUERIDA POR LEY FEDERAL CONOCIDA COMO "TRUTH IN LENDING ACT" Y EL "REGLAMENTO Z"

| TASA DE PORCENTAJE ANUAL | CARGO POR FINANCIAMIENTO | BALANCE DE PRINCIPAL Y CANTIDAD FINANCIADA | |
|---|---|---|---|
| | $ 9955.50 | $ 24180.00 | |

| Balance total de su compra descontando los plazos ya pagados | El costo de su compra válido al 00/00/00 |
|---|---|
| $ 36575.50 | $ 37575.50 |

### PROGRAMA DE PAGOS

| Núm de Plazos | Cantidad de Plazos | Vencimiento de los Plazos |
|---|---|---|
| | | |

AVISO AL COMPRADOR: NO FIRME ESTE CONTRATO SIN LEERLO O SI EL MISMO CONTIENE ESPACIOS EN BLANCO. USTED TIENE DERECHO A UNA COPIA DE ESTE CONTRATO. BAJO LA LEY ACTUAL USTED TIENE DERECHO A SALDAR POR ANTICIPADO EL BALANCE ADEUDADO BAJO EL CONTRATO. EN ESTOS CASOS SE CANCELARÁ EL PRINCIPAL ADEUDADO A LA FECHA DE PAGO MAS CUALQUIER BALANCE PARA CUBRIR CARGOS O INTERESES DEVENGADOS A ESA FECHA.

CERTIFICO HABER RECIBIDO COPIA LLENA DE ESTE CONTRATO DE VENTA AL POR MENOR A PLAZOS Y QUE HE LEÍDO AMBOS LADOS DE ESTE DOCUMENTO Y SUS ANEJOS.

AVISO AL DEUDOR. USTED ESTA ADVERTIDO QUE EL ACREEDOR GARANTIZADO/ VENDEDOR TENDRÁ DERECHO A LA POSESIÓN DE LA PROPIEDAD GRAVADA LUEGO DE UN EVENTO DE INCUMPLIMIENTO, SIN INCOAR PROCEDIMIENTO JUDICIAL.

CONTRATO DE VENTA AL POR MENOR A PLAZOS
Suscrito hoy 15 de AUGUST de 2009
en VEGA BAJA, Puerto Rico.

X _____ Firma del Comprador(es)

X NIMAY AUTO CORPORATION
Firma del Vendedor

VEASE AL DORSO PARA EL RESTO DEL CONTRATO

142AUT0472(Rev.06-04) AN ENGLISH TRANSLATION OF THIS CONTRACT IS AVAILABLE AT YOUR REQUEST.

PRIMER ORIGINAL

TERMINOS DEL CONTRATO (continuación)

pago parcial (en todo caso, la aceptación por el VENDEDOR de cualquier plazo o cantidad vencida no conllevará la condonación del resto del plazo ni de la deuda); además, el VENDEDOR podrá negarse a recibir el importe de plazos vencidos cuando el VENDEDOR haya iniciado una reclamación judicial; 4) si el COMPRADOR dejare de cumplir cualesquiera de los términos y condiciones de este contrato incluyendo, sin limitación, si dejare de obtener y mantener el seguro aquí requerido o el mismo es cancelado por culpa o negligencia del COMPRADOR; o (5) si se instituyere por el COMPRADOR o por otro contra el COMPRADOR un procedimiento de quiebra, sindicatura o insolvencia o que resulte en el nombramiento de un depositario de sus bienes; y (6) si el VENDEDOR recibiere información de que el Vehículo o la propiedad gravada esté siendo utilizada o esté en peligro de ser utilizada en actos delictivos que puedan acarrear la confiscación del Vehículo o de la propiedad, o (7) si el Vehículo es embargado en aseguramiento o ejecución de sentencia por terceras personas o si se dictara en contra del Vehículo cualquier orden o providencia judicial o administrativa en cualquier procedimiento y dicha sentencia, orden o providencia no es dejada sin efecto dentro de treinta (30) días de haber sido impuesta;(8) si cualquier representación, información provista o garantía hecha por el COMPRADOR en este contrato es incorrecta o el gravamen mobiliario aquí constituido no puede perfeccionarse, es anulado o resultare defectuoso por causas atribuibles al COMPRADOR; (9) Si el Vehículo sufriere daños o desperfectos que reduzcan su valor sustancialmente en relación con su precio original; (10) si el Vehículo es traspasado o vendido sin el previo consentimiento escrito del VENDEDOR. En caso de incumplimiento del COMPRADOR con cualquiera de los términos y condiciones de este contrato, el VENDEDOR tendrá todos los derechos y remedios a su favor bajo la Ley de Transacciones Comerciales (Ley Núm. 208 del 17 de agosto de 1995, según enmendada) y cualquiera otra ley aplicable, incluyendo el derecho a la reposesión y disposición de la propiedad gravada sin incoar un procedimiento judicial y a cancelar y dar por terminada toda y cualquier Póliza de Seguro o Contrato de Servicio para los cuales se incluya algún cargo en este contrato y en tal caso el COMPRADOR autoriza a toda aseguradora, proveedor de servicios o ambos a pagar directamente al VENDEDOR toda cantidad correspondiente a tales reembolsos. El VENDEDOR podrá reposeer lo propiedad y si el COMPRADOR no la hubiere redimido de acuerdo con la ley, el VENDEDOR podrá venderla o disponer de la misma a través de cualquier procedimiento a tenor con la ley. El producto de dicha venta así como todo reembolso de primas de seguro y reembolsos de honorarios y pagos menos, los deducciones permitidas, incluyendo el reembolso de los gastos incurridos por el VENDEDOR por motivo de la reposesión y venta del Vehículo, será aplicado al pago de las obligaciones del COMPRADOR bajo este Contrato. El sobrante, si alguno, será pagado al COMPRADOR, a menos que por ley se disponga otra cosa. Además, en caso del VENDEDOR tomar posesión del Vehículo bajo cualquier procedimiento permitido por ley, las partes acuerdan que: (i) el COMPRADOR reembolsará al VENDEDOR todos los gastos incurridos por el VENDEDOR para encontrar el Vehículo, posesión, tenencia y preparación del Vehículo para su disposición; y (ii) el VENDEDOR no será responsable de daño o menoscabo que pueda sufrir el Vehículo o cualesquiera de sus componentes, equipo o accesorios en relación con las gestiones del VENDEDOR al tomar posesión y retener el Vehículo, o lo posible desaparición de, o daño que sufra propiedad y objetos localizados dentro del Vehículo. Los derechos y remedios del VENDEDOR bajo este contrato son adicionales a cualesquiera otros derechos concedidos por la ley y podrán hacerse efectivos sucesiva o concurrentemente. En caso de incumplimiento, el COMPRADOR, a requerimiento del VENDEDOR, pondrá el Vehículo a disposición del VENDEDOR en un lugar que éste designe. Después de la reposesión, el COMPRADOR firmará todos los documentos necesarios para ceder la titularidad del Vehículo al VENDEDOR o un tercero que éste designe. EL COMPRADOR será responsable al VENDEDOR de toda deficiencia que pueda surgir en relación con sus obligaciones bajo este contrato, una vez el VENDEDOR haya dispuesto del Vehículo y deducidos los gastos razonables y gastos legales incurridos en el cobro de la deuda garantizada. Cualquier embargo dentro de una acción en cobro de dinero o venta del Vehículo que resulte en la acción judicial en cobro de dinero no descargará al VENDEDOR de sus obligaciones bajo este contrato hasta tanto haya pagado el total de las cantidades adeudadas en el mismo. Cualquier cesionario de este contrato tendrá derecho a compensar ("set-off"), con o sin aviso al COMPRADOR, cualquier deuda que surja de este contrato mediante la aplicación al pago de la deuda de cualquier cantidad de dinero del COMPRADOR que esté o en el futuro pueda estar en posesión de dicho cesionario. EL VENDEDOR podrá, durante horas razonables, inspeccionar físicamente el Vehículo dondequiera que el mismo se encuentre.

5. RIESGOS POR PERDIDA -- SEGUROS. El Vehículo estará bajo el riesgo del COMPRADOR y éste obtendrá y mantendrá, a su cuenta, durante todo el tiempo en que cualquier cantidad esté pendiente de pago bajo este contrato, un seguro protegiendo por lo menos el interés del VENDEDOR contra pérdida, daño o destrucción de o al Vehículo en la forma y cantidades que el VENDEDOR le requiera. Queda a opción del comprador adquirir cubiertas adicionales u otros seguros. La inclusión de un cargo por seguro en este contrato no relevará al COMPRADOR de tal obligación, sino que solamente indicará al VENDEDOR a tratar de obtener los seguros requeridos a nombre del COMPRADOR a través de un agente de seguros autorizado; disponiéndose que si el VENDEDOR no pudiere obtener los seguros requeridos bajo los términos indicados por las cantidades aquí indicados por el tiempo requerido, el VENDEDOR podrá: (i) obtener tal seguro por aquel período, si alguno, que el agente de seguros a pólizo el VENDEDOR le pueda proveer por dicha cantidad, o (ii) acreditar dicha cantidad a los últimos plazos que se vengan bajo este contrato en orden inverso al de su vencimiento o como de otro modo se disponga por ley. En caso de que el COMPRADOR dejare de someter evidencia satisfactoria de dicho seguro al serrequerido para ello, el VENDEDOR podrá obtener dicho seguro, [y por no venirá obligado a hacerlo y los seguros que el VENDEDOR haya bajo este contrato no serán perjudicados si no lo hiciera] y dicho seguro protegerá a discreción del VENDEDOR: (i) bien los intereses del COMPRADOR y del VENDEDOR, o (ii) bien el interés del VENDEDOR solamente. En tal caso, el COMPRADOR se obliga a pagar, además de las obligaciones bajo este contrato, una cantidad igual al importe de la prima de tal seguro obtenido por el VENDEDOR, inmediatamente que fuere requerido por éste, conjuntamente con los intereses sobre dicha cantidad al tipo contractual más alto que se permita por ley. El COMPRADOR por la presente cede al VENDEDOR cualesquiera sumas de dinero, hasta el monto del balance insoluto bajo este contrato, que pudieran ser pagaderas bajo cualquier seguro, quienquiera que lo obtenga, y expresamente solicita y autoriza a cualquier compañía de seguros a hacer el pago de dichas sumas de dinero directamente al VENDEDOR para ser aplicadas al balance insoluto bajo este contrato; y a tal efecto el COMPRADOR designa al VENDEDOR como su apoderado para endosar en nombre del COMPRADOR cualquier giro o cheque que represente pagos al COMPRADOR de tales sumas de dinero. Incluyendo cheques por concepto de primas no devengadas en caso de saldo anticipado de la deuda cuando el COMPRADOR adeude algún pago al momento de saldar la deuda, y el COMPRADOR autoriza al VENDEDOR a cancelar dichas pólizas y transigir cualquier reclamación relacionada con las mismas. El importe de dicho seguro, quienquiera que la obtenga, se dedicará a reponer el Vehículo o el pago de la obligación bajo este contrato a discreción exclusiva del VENDEDOR. Si el COMPRADOR obtiene una póliza de interés doble, éste será responsable al VENDEDOR por cualquier balance adeudado bajo este contrato que no fuere cubierto por la póliza. (Véase Divulgación Adicional sobre Seguros y Contratos de Servicio).

6. SEGURO DE VIDA Y CONTRATOS DE SERVICIO: Véase Divulgación Adicional sobre Seguros y Contratos de Servicio.

7. GENERAL: Ningún traspaso, renovación, prórroga, o cesión de este Contrato o de cualquier interés bajo el mismo, y ninguna pérdida, daño o destrucción del Vehículo relevará al COMPRADOR de sus obligaciones bajo este Contrato, excepto si la totalidad de la pérdida, daño o destrucción está cubierta por la póliza de seguro incluida en este contrato. El COMPRADOR no podrá dar el Vehículo objeto de este Contrato en prenda, hipoteca o en garantía de obligación alguna, removerlo de Puerto Rico, guardarlo usualmente, en una dirección distinta de la que se indica como la del COMPRADOR en este Contrato, excepto con el consentimiento escrito del VENDEDOR. La omisión o demora por parte del VENDEDOR en hacer uso de cualquier derecho que pueda tener bajo este Contrato no constituirá una renuncia de tal derecho. Si este contrato fuere firmado por más de un COMPRADOR, la obligación de éstos será solidaria (in solidum) y toda referencia al COMPRADOR incluye e todos los compradores. Todos los derechos, privilegios, acciones y obligaciones de las partes bajo este Contrato se considerarán igualmente extensivas a sus herederos, administradores, albaceas o cesionarios. EL VENDEDOR y en este caso, y solamente aquí, se entenderá que la palabra "VENDEDOR" no incluye al cesionario del VENDEDOR, se compromete a inscribir el título del Vehículo a nombre del COMPRADOR en la División de Vehículos de Motor del Departamento de Transportación y Obras Públicas; y el COMPRADOR acepta que el VENDEDOR, o su Cesionario, retenga la licencia que se expida a su nombre por el tiempo que sea necesario para inscribir este Contrato en dicha División de Vehículos de Motor y retenga, además, el Certificado de Título hasta tanto el COMPRADOR haya satisfecho todas sus obligaciones bajo este contrato. Este contrato constituye el convenio total entre el COMPRADOR y el VENDEDOR y ninguna modificación de ninguno de los términos y condiciones del mismo será válida a menos que conste por escrito firmado por las partes y el COMPRADOR expresamente renuncia al derecho de descansar en ellas, a menos que hayan sido debidamente otorgadas por escrito por el VENDEDOR. Cualquier prórroga a cualquier Contrato no afectará los términos y condiciones del Contrato ni relevará al COMPRADOR de sus obligaciones bajo el mismo. Cualquier disposición de este Contrato declarada nula, inválida o prohibida por la ley será ineficaz hasta donde se extienda tal prohibición sin invalidar las otras disposiciones de este contrato. A requerimiento del VENDEDOR, el COMPRADOR llevará a cabo aquellos actos y suscribirá aquellos documentos que el VENDEDOR estime necesarios o convenientes para proteger, mantener, perfeccionar o poner en vigor el gravamen mobiliario del VENDEDOR sobre el Vehículo y cualquier otro derecho del VENDEDOR bajo este Contrato. Una fotocopia del presente contrato o de la Declaración de Financiamiento será suficiente para ser utilizada como una Declaración de Financiamiento bajo la Ley de Transacciones Comerciales, según enmendada.

8. INTERPRETACION: La validez y ejecutabilidad de este contrato se interpretará y regirá bajo las leyes del Estado Libre Asociado de Puerto Rico. El COMPRADOR se somete a la jurisdicción y competencia del Tribunal General de Justicia del Estado Libre Asociado de Puerto Rico, sala de San Juan. Cualquier término que no se haya definido en este contrato tendrá la definición designada en la Ley 208 del 17 de agosto de 1995, según enmendada.

AVISO AL COMPRADOR
1. Si los términos de financiamiento expuestos en este acuerdo con el VENDEDOR no fueren correctos en todos sus extremos; o
2. Si la propiedad descrita en este acuerdo no le hubiere sido entregada a usted por el VENDEDOR o no estuviese en la actualidad en su poder; o
3. Si el VENDEDOR no hubiere cumplido todas sus obligaciones para con usted, el COMPRADOR, usted deberá notificarlo al cesionario de este acuerdo por escrito, mediante correo certificado con acuse de recibo, a la dirección indicada en este acuerdo, dentro de los veinte (20) días siguientes a la fecha en que tenga conocimiento de algún hecho que pueda dar lugar a una causa de acción o defensa que surja de la venta y que pudiera usted tener en contra del VENDEDOR. Copia de cualquier notificación al Cesionario deberá ser referida a BBVA a: Departamento de Financiamiento de Automóviles, 1738 Calle Amarillo, Río Piedras, P.R. 00926

GARANTIA SOLIDARIA
En consideración al otorgamiento de este Contrato por el VENDEDOR, el suscribiente por la presente, garantiza solidariamente al VENDEDOR y su Cesionario, BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO ("BBVA"), sus sucesores y cesionarios, el pago de todos los plazos bajo el Contrato, más intereses y el cumplimiento de todos los términos y condiciones del Contrato por parte del COMPRADOR. El suscribiente se obliga a pagar a BBVA, sus sucesores y cesionarios, cuando fuese requerido para ello, la totalidad del balance pendiente de pago bajo el contrato, si en cualquier momento el COMPRADOR dejase de cumplir con alguna de sus obligaciones o condiciones bajo este Contrato, sin obligación alguna de parte de BBVA, sus sucesores y cesionarios, de proceder primeramente contra el COMPRADOR. La responsabilidad del suscribiente no se afectará por cualquier prórroga, transacción, indulgencia, arreglo o variación de las obligaciones incurridas por o con el COMPRADOR o cualquier otra persona interesada. Tampoco se afectará por la pérdida, avería o destrucción del Vehículo o por el traspaso o cesión de este Contrato, disponiéndose, sin embargo, que el suscribiente no estará obligado a más de lo que viene obligado el COMPRADOR bajo los términos del mismo.

Por la presente, se renuncia al derecho de aviso de aceptación de esta garantía, de todo aviso, demanda o notificación de incumplimiento, aviso de la cantidad adeudada, protesto, requerimiento de pago, excusión y remedios posesorios y al derecho de trasladar cualquier acción judicial del Tribunal que primero adquiriese jurisdicción.

En _____, Puerto Rico, a _____ de _____ de _____

_____
Garantizador

_____
Testigo

_____
Dirección del Garantizador

_____
Dirección del Testigo

ACUERDO DE CESION Y REVENTA DEL VENDEDOR

A: BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO
Por el valor recibido, el que suscribe por la presente, CEDE, VENDE Y TRASPASA, a BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO ("BBVA"), sus sucesores y cesionarios, todo su título, derecho e interés en este Contrato de Venta al Por Menor a Plazos-Gravamen Mobiliario (el "Contrato") y en los bienes que en éste se describen. El que suscribe, representa y garantiza que no ha incurrido en acto alguno en los, haya podido afectar o modificar la validez y el cumplimiento de este Contrato en todas sus partes, de acuerdo con sus términos, y que los bienes a que este Contrato se refiere (los "Bienes"), son objeto de ninguna reclamación o defensa por parte del COMPRADOR y están libres de todo gravamen, excepto el gravamen constituido por el Contrato; que tales bienes fueron propiedad del suscribiente, hasta el momento en que se otorgó el Contrato, con derecho a venderlos y que el suscribiente tiene derecho absoluto para ceder, vender y traspasar el título al Contrato y que los Bienes fueron entregados al COMPRADOR y aceptados por éste y se encuentran libres de defectos y en buen estado de uso; que la cantidad en efectivo mencionada en este Contrato como pronto pago del COMPRADOR ha sido recibida y pagada por el COMPRADOR y que ninguna parte de dicho dinero fue supido por el suscribiente o su agente, y que el VENDEDOR no retiene obligación diferida alguna del COMPRADOR a su agente que se relacione con esta compraventa; que las manifestaciones hechas en el Contrato son verdaderas y ciertas en todas sus partes. Además, el suscribiente representa y garantiza a BBVA que: (i) el Contrato cedido evidencia una compra venta bona fide del Vehículo y la persona identificado del COMPRADOR que el mismo refleja correctamente todos sus términos, no es rescindible, y el único contrato otorgado sobre los Bienes y no ha sido enmendado ni modificado de manera alguna; (ii) el COMPRADOR bajo el Contrato es el verdadero comprador del Vehículo; (iii) en relación con el Contrato se han cumplido las leyes aplicables y se han tomado todos los pasos necesarios para perfeccionar un gravamen sobre el Vehículo; (iv) el Vehículo ha sido entregado al COMPRADOR; (v) el Contrato constituye una obligación válida y exigible del COMPRADOR y éste no tiene ninguna reclamación o defensa en contra del suscribiente, por virtud de ese Contrato, disposición alguna de las aplicables, o por defectos en el Vehículo, que tiene su título limpio (excepto por el gravamen constituido por el Contrato) libre sobre el Vehículo y no existe justificación o base alguna para una reclamación futura del COMPRADOR por tales que reciba el suscribiente ha acordado acompañar el Contrato a solicitud de BBVA o de su cesionario, en caso de que el suscribiente incumpla con cualquiera de las representaciones y garantías antes indicadas o si este Contrato se resuelve por ley o de otra forma. El suscribiente acuerda indemnizar y salvaguardar a BBVA de toda responsabilidad, demanda, reclamaciones, costas, gastos, desembolsos, honorarios de abogado en los cuales BBVA incurra por razón del incumplimiento del suscribiente de cualquiera de las representaciones y garantías mencionadas. BBVA podrá permitir modificaciones al Contrato o conceder extensiones en cuanto a los plazos adeudados bajo el mismo, sin que tal acción afecte la responsabilidad del suscribiente hacia BBVA y sin que se requiera el consentimiento del suscribiente a tales modificaciones o extensiones. BBVA no tendrá que llevar acción contra el COMPRADOR antes de requerir al VENDEDOR que cumpla sus obligaciones bajo la presente cesión. Como condición esencial de esta cesión, el suscribiente representa y garantiza que cumplirá con todos los requisitos legales y contractuales, incluyendo venta, reposesión, servicio y garantía, relacionados con los Bienes y, que permanecerá siendo responsable del cumplimiento de sus obligaciones con el COMPRADOR. En caso de violación de cualquiera de sus obligaciones, representaciones o garantías bajo o en relación con el Contrato, el suscribiente se obliga a cualquier requerimiento del Contrato de BBVA, sus sucesores y cesionarios, en las mismas condiciones de la cesión original. El suscribiente, además, se compromete a aportarse a BBVA, sus sucesores y cesionarios, inscribir debidamente el Vehículo en el Registro por Vehículos de Motor y el Contrato y la correspondiente Declaración de Financiamiento, si fuere necesario, a favor de gravamen mobiliario a favor de BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO en el Registro apropiado o suscribir a BBVA, sus sucesores y cesionarios, toda la documentación necesaria para inscribir el Vehículo o el Contrato dentro del término dispuesto por la ley, libre de cargos y gravámenes, con excepción de aquellos constituidos por el Contrato. El consentimiento del cesionario, en cualquier momento para cualquier incumplimiento de lo anterior no constituirá renuncia a la defensa como cesionario de las obligaciones del suscribiente como cedente. EL VENDEDOR reconoce que, en caso de que surja un conflicto, controversia, o contradicción entre los contenidos de este acuerdo de reventa y las disposiciones originales de dicho acuerdo contenidas en el Contrato de Venta al Por Menor a Plazos las mismas serán resueltas de conformidad con lo dispuesto por la enmienda arriba transcrita.

☐ A. Sin recurso al cedente.

☐ B. Con recurso al cedente. En consideración a la compra de este Contrato por BBVA, sus sucesores y cesionarios, el suscribiente se obliga incondicionalmente a garantizar solidariamente el pago puntual de todos los plazos especificados en el Contrato, más intereses, y se obliga a readquirir por compra, inmediatamente que fuese requerido por ello por BBVA, sus sucesores y cesionarios, este Contrato de Venta al Por Menor a Plazos, pagando al suscribiente la totalidad de la deuda pendiente de pago bajo el mismo, si en cualquier momento el COMPRADOR dejase de hacer efectivo a su vencimiento alguno de las condiciones y obligaciones bajo este Contrato, o si el mismo fuere rescindido por cualquier razón. La responsabilidad del suscribiente no será afectada por cualquier indulgencia, prórroga, transacción o variación en la obligación incurrida por o con el COMPRADOR o cualquier otra persona interesada y se renuncia expresamente al derecho de aviso de aceptación de esta garantía y a todo aviso, demanda o notificación de incumplimiento, protesto, requerimiento de pago, excusión y remedios posesorios.

☐ C. Con recurso limitado al cedente. En consideración a la compra de este Contrato por BBVA, sus sucesores y cesionarios, el suscribiente se obliga incondicionalmente a garantizar solidariamente el pago puntual de todos los plazos especificados en el Contrato, más intereses, y se obliga a readquirir por compra, inmediatamente que fuese requerido por ello por BBVA, sus sucesores y cesionarios, este Contrato de Venta al Por Menor a Plazos, pagando al suscribiente la totalidad de la deuda pendiente de pago bajo el mismo, si en cualquier momento el COMPRADOR dejase de hacer efectivo a su vencimiento alguno de las condiciones y obligaciones bajo este Contrato, o si el mismo fuese rescindido por cualquier razón dentro de los próximos _____ meses (pagos) desde la inscripción de este Contrato. La responsabilidad del suscribiente no será afectada por cualquier indulgencia, prórroga, transacción o variación en la obligación incurrida por o con el COMPRADOR o cualquier otra persona interesada y se renuncia expresamente al derecho de aviso de aceptación de esta garantía y a todo aviso, demanda o notificación de incumplimiento, protesto, requerimiento de pago, excusión y remedios posesorios.

☐ D. Con recurso limitado al cedente. En consideración a la compra de este Contrato por BBVA, sus sucesores y cesionarios, el suscribiente se obliga incondicionalmente a satisfacer a BBVA, sus sucesores y cesionarios, a requerimiento de éste, la suma de $_____ si en cualquier momento el COMPRADOR dejase de hacer efectivo a su vencimiento alguno de los pagos o condiciones establecidas en este Contrato, o si el mismo fuese rescindido por cualquier razón. El suscribiente no será afectado por cualquier indulgencia, prórroga, transacción o variación en la obligación incurrida por o con el COMPRADOR o cualquier otra persona interesada y se renuncia expresamente al derecho de aviso de aceptación de esta garantía y a todo aviso, demanda o notificación de incumplimiento, protesto, requerimiento de pago, excusión y remedios posesorios.

En _____, Puerto Rico, hoy día _____ de _____ de _____

Nombre del Vendedor _____

Nombre del Vendedor _____ Título _____

Ley de Puerto Rico - Aviso al Cesionario
El cesionario que recibe o adquiera el presente Contrato al por menor a plazos o un pagaré relacionado con éste, quedará sujeto en igualdad de condiciones a cualquier reclamación o defensa que el Comprador pueda presentar en contra del Vendedor. El cesionario del Contrato tendrá el derecho a presentar contra el Vendedor todos los reclamos y defensas que el Comprador pueda levantar contra el Vendedor de los artículos o servicios.

LEY FEDERAL
La Comisión Federal de Comercio requiere que se incluya el siguiente aviso, el cual no debe entenderse como una limitación a los derechos expuestos en el aviso anterior que requiere la ley estatal.

CUALQUIER TENEDOR DE ESTE CONTRATO DE CRÉDITO AL CONSUMIDOR ESTA SUJETO A TODAS LAS RECLAMACIONES Y DEFENSAS QUE EL DEUDOR PUDIERE ALEGAR EN CONTRA DEL VENDEDOR DE LOS BIENES Y SERVICIOS OBTENIDOS DE CONFORMIDAD CON EL MISMO O CON LOS RÉDITOS DE ESTE CONTRATO. EL RECOBRO POR EL DEUDOR BAJO ESTA CLÁUSULA NO EXCEDERÁ DE LAS CANTIDADES PAGADAS POR EL DEUDOR BAJO ESTE CONTRATO.

VEASE AL OTRO LADO PARA INFORMACIÓN

# CERTIFICADO DE TITULO

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
DEPARTAMENTO DE TRANSPORTACION Y OBRAS PUBLICAS
DIRECTORIA DE SERVICIOS AL CONDUCTOR

07dic2009 15:03:39   0403-0487-5224-000000000

| NUMERO DE TITULO | FECHA EXPEDICION | NUMERO DE REGISTRO | FECHA REGISTRO |
|---|---|---|---|
| A 4279395 | 07dic2009 | 7226271 | 15ago2009 |

| NUMERO DE SERIE (VIN) | MARCA | MODELO | AÑO | NUM CILINDROS |
|---|---|---|---|---|
| JS3TD042894100805 | suzuki grand | vitara | 2009 | 04 |

| CAP CARGA | PESO | NUEVO USADO | TITULO ANTERIOR | ESTADO | ODOMETRO | COLOR |
|---|---|---|---|---|---|---|
| 0# | 0# | Nuevo | CertOrig | JP | 10 | negro |

**NOMBRE Y DIRECCION DEL DUEÑO REGISTRAL:**

Nombre: RODRIGUEZ GONZALEZ, WILFREDO

Resid: BO. TIBURON II
CALLE 13 BZN 70
BARCELONETA PR 00617

Postal: BO. TIBURON II
CALLE 13 BZN 70
BARCELONETA PR 00617

ESTE ES SU TITULO DE PROPIEDAD. CONSERVELO EN SITIO SEGURO.

**GRAVAMENES**

PRIMER GRAVAMEN (VENTA CONDICIONAL)

BBVA                                                                                  FECHA, DIA-MES-AÑO
                                                                                       15ago2009

SEGUNDO GRAVAMEN (OTROS)

**CANCELACION GRAVAMEN**

EL (LOS) ABAJO FIRMANTE (S) TENEDOR (ES) DEL GRAVAMEN SOBRE EL VEHICULO DE MOTOR DESCRITO ARRIBA CERTIFICAMOS QUE EL MISMO HA SIDO PAGADO (SI MAS DE UN GRAVAMEN DEBERAN APARECER DOS (2) FIRMAS)

| | FECHA | FIRMA AUTORIZADA |
|---|---|---|
| PRIMER GRAVAMEN | | |
| SEGUNDO GRAVAMEN | | |

SECRETARIO DTOP O REPRESENTANTE AUTORIZADO

NUMERO CONTROL
A- 9047562

NO ES VALIDO SI ALTERADO

```
Label Matrix for local noticing            DEPARTAMENTO DE HACIENDA
0104-3                                      PO BOX 9024140
Case 10-07134-BKT13                         OFICINA 424-B
District of Puerto Rico                     SAN JUAN, PR 00902-4140
Old San Juan
Mon Oct  4 11:17:32 AST 2010

PR DEPARTMENT OF LABOR
PRUDENCIO RIVERA MARTINEZ BLDG
505 MUNOZ RIVERA AVENUE
12 FLOOR
SAN JUAN, PR 00918


ASOCIACION DE EMPLEADOS DEL ELA            BANCO BILBAO VIZCAYA
PO BOX 364508                              PO BOX 364745
SAN JUAN PR  00936-4508                    SAN JUAN, PR 00936-4745



CLARO                    COOP A/C COOPACA          (p)COOP A C DE MANATI
PO BOX 70366             PO BOX 1056                PO BOX 30562
SAN JUAN, PR 00936-8366  ARECIBO, PR 00613-1056    MANATI PR 00674-8516



FIRST BANK               FIRST BANK                POPULAR AUTO
BANKRUPTCY DIVISION      PO BOX 9146               BANKRUPTCY DEPARTMENT
PO BOX 9146              SAN JUAN, PR 00908-0146   PO BOX 366818
SAN JUAN PR 00908-0146                             SAN JUAN PUERTO RICO 00936-6818



POPULAR AUTO             PRASA                     PREPA
PO BOX 15011             PO BOX 14580              P.O.BOX 363508
SAN JUAN, PR 00902-8511  SAN JUAN, PR 00916        SAN JUAN, PR 00936-3508



FEDERAL LITIGATION DEPT. OF JUSTICE   JOSE RAMON CARRION MORALES   JUAN O CALDERON LITHGOW
PO BOX 9020192                        PO BOX 9023884               JUAN O CALDERON LITHGOW LEGAL OFFIC
SAN JUAN, PR 00902-0192               SAN JUAN, PR 00902-3884      PO BOX 1710
                                                                   VEGA BAJA, PR 00694-1710



MARTA VAZQUEZ VIDOT      MONSITA LECAROZ ARRIBAS          WILFREDO RODRIGUEZ GONZALEZ
PO BOX 1344              OFFICE OF THE US TRUSTEE (UST)   PO BOX 1344
BARCELONETA, PR 00617-1344   OCHOA BUILDING               BARCELONETA, PR 00617-1344
                         500 TANCA STREET  SUITE 301
                         SAN JUAN, PR 00901-1938
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
COOP A/C MANATI
PO BOX 562
MANATI, PR 00674
```